IN THE MATTER OF THE REINSTATEMENT OF FLORES

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF FLORES

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

IN THE MATTER OF THE REINSTATEMENT OF FLORES2020 OK 13Case Number: SCBD-6840Decided: 03/03/2020THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 13, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

IN THE MATTER OF THE REINSTATEMENT OF: MARCO DAX FLORES TO MEMBERSHIP IN THE OKLAHOMA BAR ASSOCIATION AND TO THE ROLL OF ATTORNEYS

ORIGINAL PROCEEDING FOR RULE 11
BAR REINSTATEMENT

¶0 Petitioner, Marco Dax Flores, filed a petition for reinstatement to membership in the Oklahoma Bar Association. The Oklahoma Bar Association does not oppose this reinstatement. The Professional Responsibility Tribunal unanimously recommended reinstatement. After our de novo review, we find the Petitioner should be reinstated.

PETITION FOR REINSTATEMENT IS GRANTED;
PETITIONER IS ORDERED TO PAY COSTS

Marco Dax Flores, Petitioner/Pro Se.

Stephen L. Sullins, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Respondent.

COMBS, J.:

¶1 On October 7, 2019 the Petitioner, Marco Dax Flores, filed his Petition for Reinstatement requesting he be readmitted as a member of the Oklahoma Bar Association (OBA) pursuant to Rule 11, Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A (RGDP). The record reflects the Petitioner was admitted to the Texas Bar Association in November 2000, after graduating from St. Mary's University School of Law the same year. He began work with a law firm, Dehay & Ellison, L.L.P., in Dallas, Texas and remained with that firm until October 2014. On May 12, 2014, he was admitted to the Oklahoma Bar Association in order to handle cases in Oklahoma for the firm. Part of his duties included counseling clients in regulatory proceedings before the Oklahoma Corporation Commission and Oklahoma Water Resources Board. There is no evidence that he ever resided in Oklahoma. Upon leaving that firm, he moved to San Antonio, Texas to practice law and had no intention at that time of practicing law in Oklahoma. For the year 2015, the Petitioner stopped paying his bar dues in Oklahoma. On June 15, 2015, this Court suspended him from membership in the OBA for failure to pay membership dues for the year 2015.1 One year later, this Court ordered his name stricken from the OBA membership rolls.2 He continues to practice law in San Antonio and founded his own firm in 2017, Flores & Pelaez Prada, PLLC, where he is the managing partner. The record reflects that since passing the Texas bar in 2000 he has continually practiced law each year thereafter and has been in good standing with that bar. In addition, he was licensed in Illinois on February 28, 2014 and was placed on retirement status at his request on January 11, 2019. He is also currently licensed in Colorado. This matter was assigned to this office on February 7, 2020.

STANDARD OF REVIEW

¶2 This Court has the non-delegable, constitutional responsibility to regulate both the practice and the ethics, licensure, and discipline of Oklahoma practitioners of the law. In re Reinstatement of Kerr, 2015 OK 9, ¶6, 345 P.3d 1118. Our review of the record is made de novo, in which we conduct a non-deferential, full-scale examination of all relevant facts. State ex rel. Oklahoma Bar Association v. Hulett, 2008 OK 38, ¶4, 183 P.3d 1014. In a proceeding involving no prior imposition of discipline for lawyer professional misconduct, the focus of our inquiry concerns 1) the present moral fitness of the applicant; 2) conduct subsequent to suspension as it relates to moral fitness and professional competence; 3) whether the attorney has engaged in the unauthorized practice of law; and 4) whether the attorney has complied with the rule-mandated requirements for reinstatement. In re Reinstatement of Christopher, 2014 OK 73, ¶5, 330 P.3d 1221. Rule 11.4, RGDP, places the burden of proof by clear and convincing evidence on the Petitioner. The PRT's recommendations concerning these matters, while entitled to great weight, are advisory in character and the ultimate decision rests with this Court. In re Reinstatement of Pate, 2008 OK 24, ¶3, 184 P.3d 528; In re Reinstatement of Floyd, 1989 OK 83, ¶3, 775 P.2d 815. Rule 11.4, RGDP, provides an applicant seeking reinstatement will be required to present stronger proof of qualifications than one seeking admission for the first time. In addition, Rule 11.5, RGDP provides in pertinent part:

At the conclusion of the hearing held on the petition for reinstatement, the Trial Panel of the Professional Responsibility Tribunal shall file a report with the Supreme Court, together with the transcript of the hearing. Said report shall contain specific findings upon each of the following:

. . . .

(c) Whether or not the applicant possesses the competency and learning in the law required for admission to practice law in the State of Oklahoma, except that any applicant whose membership in the Association has been suspended or terminated for a period of five (5) years or longer, or who has been disbarred, shall be required to take and successfully pass the regular examination given by the Board of Bar Examiners of the Oklahoma Bar Association. Provided, however, before the applicant shall be required to take and pass the bar examination, he shall have a reasonable opportunity to show by clear and convincing evidence that, notwithstanding his long absence from the practice of law, he has continued to study and thus has kept himself informed as to current developments in the law sufficient to maintain his competency. If the Trial Panel finds that such evidence is insufficient to establish the applicant's competency and learning in the law, it must require the applicant to take and pass the regular bar examination before a finding as to his qualifications shall be made in his favor.

We have held this provision creates a rebuttable presumption that one who has been suspended for five years will not possess sufficient competency in the law to be reinstated, absent an extraordinary showing to that effect. In re Reinstatement of Farrant, 2004 OK 77, ¶7, 104 P.3d 567. Each application for reinstatement to the OBA must be considered on its own merits and will fail or succeed on the evidence presented and the circumstances of the attorney's case. In re Reinstatement of Kerr, 2015 OK 9, ¶19, 345 P.3d 1118.

ANALYSIS

¶3 The Professional Responsibility Tribunal (PRT) held a hearing on December 18, 2019. Thereafter, the PRT filed a report on January 14, 2020. It unanimously recommends the Petitioner be reinstated. It found by clear and convincing evidence the Petitioner had shown he possesses good moral character sufficient to be admitted to the OBA, he possesses competence in the learning of the law required for readmission, and he has not engaged in the unauthorized practice of law. The PRT also recommends the Petitioner should pay certain costs of the investigation i.e., the $289.48 fees and expenses of the investigation and the cost of the transcript which the record reflects the Petitioner has already been invoiced. In addition, it found the Petitioner should be responsible for membership dues and MCLE requirements only for the year in which he is reinstated. The record reflects he has already paid past year OBA dues3 and has completed CLE requirements in Texas.4 At the hearing, the PRT noted the affidavit of Beverly Petry Lewis, MCLE Administrator for the OBA5, which indicated the Petitioner would need to take 24 hours of CLE credits and pay $700.00 in fees. The record reflects the Petitioner paid the $700.006 and the PRT Report determined his CLE credits in Texas fulfilled his Oklahoma requirement. The Respondent, OBA, waived the filing of its answer brief and recommended the adoption of the PRT's findings.

I. Moral Fitness

¶4 Except for his suspension in 2015 for failure to pay dues, the record is silent as to any disciplinary actions taken against the Petitioner in any jurisdiction. Eight letters were admitted as evidence which strongly supported a finding that Petitioner possessed good moral character.7 These letters were written by various friends and legal professionals, including the attorney who hired him at Dehay & Ellison, L.L.P. Testimony at the hearing also supported Petitioner's good moral character.8 No contrary evidence was presented.9 The PRT found Petitioner had shown by clear and convincing evidence he possessed the good moral character to be readmitted to the OBA. After an examination of the record, we agree with this finding.

II. Professional Competence Sufficient for Reinstatement

¶5 Rule 11.5, RGDP, requires a petitioner for reinstatement to show they possess the competency and learning in the law required for admission. If a member of the bar has been suspended or terminated for more than five years, there is a rebuttable presumption they will be required to retake the regular bar examination. Here the date of suspension is less than five years so there is no question whether the Petitioner should have to retake the bar examination.10 In the case at bar, we are not dealing with an attorney who stopped practicing law after his membership in the bar was suspended or terminated. The Petitioner has continually practiced law where he is licensed and the record shows he has continued his legal education by complying with CLE requirements in Texas. The record also reflects he has not been disciplined in any other jurisdiction nor received any bar complaints. Therefore, we agree with the PRT's assessment the Petitioner has proven by clear and convincing evidence he possesses the competency and learning in the law sufficient for reinstatement.

III. Unauthorized Practice of Law

¶6 Rule 11.1, RGDP provides a mechanism for determining whether a petitioner has engaged in the unauthorized practice of law. Paragraph (a) of the rule requires the petitioner to submit an affidavit, attached to the petition for reinstatement, from each court clerk of the several counties in which he or she resided after suspension or termination of the right to practice law, establishing the petitioner has not practiced law in their respective courts during that period. The Petitioner never resided in Oklahoma but at all relevant times resided in Texas. He was never suspended in Texas, remained in good standing with the Texas Bar, and continuously practiced law there. Therefore, he did not provide an attached court clerk affidavit. The Petitioner filed his own affidavit stating he has not practiced law in Oklahoma after his suspension. The OBA Investigator testified at the PRT hearing there was no evidence the Petitioner practiced law in the State of Oklahoma after his suspension. Further, there is no evidence any funds of the Client's Security Fund of the OBA have ever been expended upon his behalf. The PRT determined the Petitioner has proven by clear and convincing evidence he has not engaged in the unauthorized practice of law. We agree with this finding as well.

CONCLUSION

¶7 The Petitioner has complied with the rule-mandated requirements for reinstatement. We hold the Petitioner has met his burden of proof and established by clear and convincing evidence his eligibility for reinstatement. Within thirty days of the date of this opinion Petitioner shall pay the costs incurred in this proceeding in the amount of two hundred and eighty-nine dollars and forty-eight cents ($289.48) as required by Rule 11.1 (c), RGDP. He shall also be required to pay the current year's (2020) OBA membership dues. Upon payment of the costs assessed and his 2020 membership dues, the Petitioner shall be reinstated to membership in the Oklahoma Bar Association and his name shall be added to the roll of attorneys.

PETITION FOR REINSTATEMENT IS GRANTED;
PETITIONER IS ORDERED TO PAY COSTS

¶8 All Justices Concur

FOOTNOTES

1 SCBD No. 6272, Order of Suspension for Nonpayment of 2015 dues, 2015 OK 46.

2 SCBD 6272, Order Striking Names, 2016 OK 76.

3 Tr. Dec. 18, 2019, PRT hearing, pg. 54; Hearing Exs. 4-5.

4 Hearing Ex. 6, 17.

5 Hearing Ex. 3.

6 Tr. Dec. 18, 2019, PRT hearing, pg. 55-56.

7 Hearing Exs. 9-16.

8 Tr. Dec. 18, 2019, PRT hearing, pg. 34-36, testimony of Mr. Pelaez, the Petitioner's law partner.

9 Tr. Dec. 18, 2019, PRT hearing, pg. 51, testimony of Mr. Arnold, the OBA investigator.

10 The Petitioner was suspended on June 15, 2015 and filed his Petition for Reinstatement on October 7, 2019.

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Supreme Court Cases
 CiteNameLevel

 1989 OK 83, 775 P.2d 815, Reinstatement of Floyd, Matter ofDiscussed
 2004 OK 77, 104 P.3d 567, IN THE MATTER OF THE REINSTATEMENT OF FARRANTDiscussed
 2008 OK 24, 184 P.3d 528, IN THE MATTER OF THE REINSTATEMENT OF PATEDiscussed
 2008 OK 38, 183 P.3d 1014, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HULETTDiscussed
 2014 OK 73, 330 P.3d 1221, IN THE MATTER OF THE REINSTATEMENT OF CHRISTOPHERDiscussed
 2015 OK 9, 345 P.3d 1118, IN THE MATTER OF THE REINSTATEMENT OF KERRDiscussed at Length
 2015 OK 46, IN THE MATTER OF THE SUSPENSION OF MEMBERS OF THE OKLAHOMA BAR ASSOCIATIONCited
 2016 OK 76, IN THE MATTER OF THE STRIKING OF MEMBERS OF THE OKLAHOMA BAR ASSOCIATIONCited

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA